BY THE

## ST. LOUIS, KANSAS CITY AND SPRINGFIELD

# COURTS OF APPEALS

AT THE

## MARCH TERM, 1912.

---

## MARY E. ROBERTS, Respondent, v. CITY OF PIEDMONT, Appellant.

**St. Louis Court of Appeals. Submitted on Briefs May 9, 1912.
Opinion Filed June 4, 1912.**

1. **MUNICIPAL CORPORATIONS: Defective Street: Injury to Pedestrian: Contributory Negligence.** In an action against a city for injuries received by plaintiff while walking along a street, by reason of defects therein, *held* that plaintiff was not chargeable with knowledge of the condition of the street merely because she had formerly lived in the city and, in a general way, knew about the streets, where she testified positively that she did not know of the particular defect that caused her injury.

2. ————: ————: ————: ————. A pedestrian injured by a defect in a street in the night time is not chargeable with contributory negligence on the theory he chose a dangerous way when a safe way was open to him, where he had no knowledge of the defect or that the way he chose was the more dangerous one.

3. ————: ————: ————: ————: **Pleading: Sufficiency of Petition: Variance.** In an action against a city for injuries received by plaintiff while walking along a street, by reason of defects therein, *held* that the petition was sufficient as against a demurrer *ore tenus*; *held, further,* that there was no variance between the *allegata* and *probata*.

4. **APPELLATE PRACTICE:Assignments of Error: Sufficiency.** The appellate court will not review the instructions given, where the appellant, although challenging them, fails to assign any particular error to them or any of them.

166 Mo. App.]            (1)

Roberts v. Piedmont.

5. MUNICIPAL CORPORATIONS: Defective Street: Injury to Pedestrian: Instruction. In an action against a city for injuries received by plaintiff while walking along a street, by reason of defects therein, *held* that the instructions given for plaintiff are not subject to criticism.

6. ———: ———: ———: Sufficiency of Evidence. In an action against a city for injuries received by plaintiff while walking along a street, by reason of defects therein, *held*, under the evidence, that it was proper to submit the case to the jury.

7. NEGLIGENCE: Instructions: Submitting Different Degrees of Care: Municipal Corporations. An instruction, in an action against a city for injuries to a pedestrian on a defective street, that if the pedestrian knew of the existence of the defect, or by ordinary care might have known of it, it was her duty, while traveling on a dark night, to use a great degree of care to avoid the defect, and that if she had exercised due care she would have prevented the accident, then she was not entitled to recover, was properly refused, because contradictory and confusing, as it informed the jury it was plaintiff's duty to exercise two different degrees of care, viz: "great care" and "due care," without defining either term.

8. ———: Degrees of Care. "Great care" and "due care" are entirely different matters.

9. INSTRUCTIONS: Abstract Instructions. An instruction, though correct as an abstract proposition, is properly refused, if it fails to apply the rules of law it announces to the facts of the case.

10. MUNICIPAL CORPORATIONS: Defects in Street: Injury to Pedestrian: Contributory Negligence: Instructions. An instruction, in an action against a city for injuries to a pedestrian on a defective street, that it was the duty of the pedestrian, using the streets at night, to travel only over known and safe streets, and if she voluntarily undertook to use an unknown road, beset with danger, and was injured thereby, there could be no recovery, was properly refused, because omitting any reference to the fact of her knowledge of any danger in the route she selected.

11. DAMAGES: Personal Injuries: Excessive Recovery. In an action for personal injuries, where plaintiff sustained a fracture of her right knee cap, resulting in a permanent injury and deformity, a verdict for $1595 *held* not excessive.

Appeal from Wayne Circuit Court.—*Hon. E. M. Dearing,* Judge.

AFFIRMED.

*Munger & Lindsay* for appellant.

(1) The court should have under the pleadings and the evidence sustained defendant's instruction in the nature of demurrer. 1 Thompson on Negligence, secs. 168, 169; 29 Cyc. pp. 526, 527, 528; Meyers v. Glass Co., 129 Mo. App. 556; Sands v. Brewing Co., 131 Mo. App. 413; Coffey v. Carthage, 186 Mo. 585; Wheat v. St. Louis, 179 Mo. 572; Phelps v. Salisberry, 161 Mo. 1; Jackson v. Kansas City, 106 Mo. App. 52; Churchman v. Kansas City, 44 Mo. App. 665; Woodson v. Railroad, 224 Mo. 704. (2) The court having refused the instruction offered by defendant in the nature of a demurrer, the defendant was clearly entitled to its instructions offered, numbers one, two and three. 29 Cyc. p. 526; Carter v. St. Joseph, 126 Mo. App. 629; Huss v. Bakery Co., 210 Mo. 44.

*S. R. Durham* for respondent.

(1) The verdict is not excessive. Perrette v. Kansas City, 162 Mo. 238; Russell v. Columbia, 74 Mo. 480. (2) In the absence of knowledge of danger a traveler has the right to exercise his own choice of ways. Gerdes v. Christopher, 124 Mo. 347; Stephens v. Macon, 83 Mo. 345; Loewer v. Sedalia, 77 Mo. 446; 28 Cyc. 1429. (3) Variance between the pleading and proof will, in the absence of an exception to a ruling on an objection therefor, be disregarded. Taylor v. Penquite, 35 Mo. App. 389; Covington v. Miles, 82 S. W. 281; Cowan v. Bucksfort, 98 Me. 305; Dano v. Sessions, 65 Vt. 79; Burt v. Gotzian, 102 Fed. 937; Meller v. Railroad, 105 Mo. 455; 2 Cyc. 274 (4), 982b; Sharp v. Railroad, 139 Mo. App. 525. (4) There is no substantial variance between the plaintiff's petition and the proof. As to whether plaintiff was traveling north on West Third street or east on Green street when she

fell into the ditch is immaterial. As to the place and manner of receiving the injury the allegations and proof coincide. Substantial correspondence of proof to allegations is all that is required. Slight variances are immaterial. Sneed v. Salisbury, 94 Mo. 426; Meller v. Railroad, 105 Mo. 455; Denver v. Baldasari, 15 Colo. App. 157; Rea v. Sioux City, 127 Iowa 615; South Omaha v. Taylor, 4 Neb. 757. (5) There was no error in refusing defendant's instruction in the nature of a demurrer, neither did the court commit error in refusing to give instructions 1, 2, and 3 asked by defendant. They did not correctly state the law. Coffey v. Carthage, 162 Mo. 573; Bentley v. Hat Co., 144 Mo. App. 612; Heberling v. Warrensburg, 204 Mo. 604; Gerdes v. Christopher, 124 Mo. 347; Loewer v. Sedalia, 77 Mo. 446; Chanute v. Higgins, 70 Pac. 638.

REYNOLDS, P. J.—While plaintiff, in company with her young daughter, was walking along Green street in the city of Piedmont, she was crossing over what she took for a sidewalk on the side of that street where it crosses West Third street. There was an open ditch alongside of Green street, three feet deep and about four feet wide, walled up with stone and cement, the ditch extending to where the one street crosses the other and perhaps beyond. This ditch was open along Green street to Third street and for some distance east and west therefrom. The night was dark and rainy and between 7 and 10 o'clock, while plaintiff was going from the house of a friend, where she had been visiting, to the house of a brother-in-law, at which she was temporarily staying, she fell off of this sidewalk into this ditch with the result that beside sustaining bruises and hurts, she sustained a fracture of the right patella or kneecap. She was picked up and carried to the house of her brother and subsequently several wire stitches were taken in the kneecap. She was afterwards removed to her own home

in Kennett. There she remained under the care of physicians and surgeons for some time after the injury. One of these surgeons testified that there would be some permanent injury to the knee and deformity and that ankylosis had resulted or would result. This surgeon would not undertake to say how long this condition would continue, but said that while it had been treated with good results so far as practicable, plaintiff in all probability would be permanently lame or halting in her walk. He hardly thought she would ever recover the entire free use of the knee.

Alleging the facts connected with her movements on the night of the injury and the condition of the street and sidewalk and that there were no lights of any kind on the streets or at this particular point, and the accident, substantially as above, plaintiff brought her action against the city for $10,000.

The answer, after a general denial, averred contributory negligence, charging that whatever injuries plaintiff may have received from falling into the ditch, if any, were and are the direct and proximate result of her own negligent and careless conduct in that plaintiff, on the way to her brother's house where she was staying, from that of a friend at whose house she had been visiting, came on to Green street, the principal street of the city of Piedmont, a block west of where the accident occurred and instead of going to her brother's house by the most direct; usually travelled, and safe streets, which said route and streets were fully known to plaintiff, had, in disregard of her duty, negligently, carelessly and recklessly undertaken to go to her brother's house "through the exceeding darkness over a rough, dangerous and untraveled route, and much further in point of distance, and while undertaking to go to her brother's house over this rough, dangerous and untravelled way, she fell off of a bridge into a ditch, resulting in her injuries."

The reply was a general denial of these aver-ments, specifically denying any contributory negli-gence.

There was evidence tending to show that while plaintiff had lived in Piedmont for a number of years and in a general way knew the streets of that city and had lived not very far from that locality, she had not lived there for the past thirteen years, living for most of that time at Kennett and other places. She testi-fied positively that she was not aware of this bridge or sidewalk across or along this ditch and that on the night in question she undertook to go to her brother's by a short cut which she thought she knew but had not been over the part of it covered by the intersection of these two streets. Starting from the house of her friend at night to go to her brother's, it then being dark and raining, and no street lights, she missed an alleyway that she should have taken as the usual and most accessible route to her brother's and passing that came on to where Third street crosses Green street and started to walk along this and up a hill by a short cut to her brother's house. She testifies that when she struck this crossing—a board one—she sup-posed that she was on the plank sidewalk of the street and recognizing that to keep on from there to reach her brother's house she would have to climb up a path that led up a hill and through rock, she was afraid to attempt it at night and turned to retrace her steps, still imagining that she was on the sidewalk. As she stepped back to get on to Green street she stepped off this sidewalk, which in point of fact seems to be a bridging over the ditch, and fell into the ditch, thereby sustaining the injuries before set out. She lay there some little time, when her brother and perhaps others came to her assistance and carried her to her brother's house where, as before stated, she remained until taken to her home at Kennett .

The contention of the learned counsel for appellant is, that having two ways, one safe and the other dangerous, if the plaintiff chose the dangerous one she cannot recover for the injuries following. The trouble with this contention is that there is no evidence in the case to show that plaintiff knew of this dangerous place. There were no ordinary street lights of any kind; plaintiff had no lantern; there was no danger sign, red light or warning of any kind at this crossing, nor along this part of the street, no coping or railing of any kind on the sides of this bridge or walk, and it was a dangerous path to one unfamiliar with it. Plaintiff is not to be charged with knowledge of this danger by the mere fact of her residence in the city or her general familiarity with the streets, for she testifies positively, and in this is not contradicted, that she did not know of this particular crossing or of its condition and had gotten on to it by mistake in the darkness. As was held by óur Supreme Court in Buesching v. The St. Louis Gaslight Co., 73 Mo. 219, the court, on a demurrer to the evidence, could not infer knowledge of the existance of this dangerous place from the single fact that plaintiff had for several years lived in the vicinitly of this crossing. Much less could it be here held, as a matter of law, that because she had formerly lived in Piedmont, it must be inferred that she knew of the dangers of the route she selected, in the face of her positive and uncontradicted testimony that she did not know of it. Nor were there any facts in evidence, apart from that of her previous residence in Piedmont, from which the jury had a right to infer knowledge by plaintiff of this dangerous place.

Complaint is made by learned counsel for appellant that the petition in the case does not state a cause of action or that there is a variance between the averments of the petition and the facts in evidence. We are unable to discover a variance and while, when the testimony was first offered, there was an objection to

the reception of any evidence on the ground that the petition did not state facts sufficient to constitute a cause of action, there was no demurrer to the petition and we are unable to say that the action of the court in overruling this motion was incorrect, or that the petition is so defective that it cannot support the judgment. Although the facts may have been defectively stated, they are stated with sufficient particularity to constitute a cause of action and the variance between the facts alleged and the facts in proof is neither substantial nor material.

Complaint is made of the instructions which the court gave at the instance of plaintiff, all of those instructions being challenged but no particular error assigned to any part of them or to any particular instruction. The absence of such specification of error would throw upon the court the labor of picking out for itself, without guidance or suggestion of counsel, errors in those instructions. We will not undertake that labor. We will say, however, that reading over all these instructions, given at the instance of plain-great care is entirely different. Neither was defined as to any particular defect, we find nothing to criticize in them.

At the close of the case, the defendant introducing no evidence whatever, demurred to that offered by plaintiff. As before remarked, to have sustained that would have required the court to infer negligence on the part of plaintiff in the face of positive evidence to the contrary. The demurrer was properly overruled as there was substantial evidence in the case warranting the jury to find as it did both of the facts attendant upon the accident and of the injury. We see no reason to disturb the verdict of the jury on the ground of absence of substantial testimony as to each of these.

Defendant standing on the evidence offered by plaintiff relies upon its plea of contributory negligence.

In line with this, it asked three instructions, all of which the court refused.

The first instruction was to the effect that if the jury found from the evidence that plaintiff knew of the existence of the ditch at the point designated, or by the exercise of ordinary care and diligence on her part might have known the same, then it was her duty while traveling in the night, it being a dark night, to use "a great degree of care and caution to prevent her falling off of said bridge into said ditch," and that if the jury believed from the evidence "that if the plaintiff had exercised due care and caution at the time and place where she fell off of said bridge into said ditch, she could and would have prevented said accident, then and in that event the plaintiff cannot recover and your verdict must be for the defendant." This instruction is contradictory and confusing. It first undertook to tell the jury that it was the duty of plaintiff "to use a great degree of care and caution," without telling them what, under the circumstances, would constitute "a great degree of care and caution." It then undertook to tell the jury that if they thought plaintiff had exercised "due care and caution at the time and place," she could and would have prevented the accident, then she cannot recover. Due care is one thing; great care is entirely different. Neither was defined to the jury by any other instruction. This instruction was properly refused for this reason.

The second instruction undertook to tell the jury that a greater degree of care and caution is required of a person traveling in the nighttime and when in the dark than when traveling in the daytime and when it is light, and that a greater degree of care and caution is required of a person of mature age than is required of a person of immature age. That is all of it. It is a mere generality, not applying the rules of law sought to be laid down to the facts in the case. Such an instruction has been condemned time and again. With-

out discussing the correctness of the legal propositions involved in the instruction as propositions, it was properly refused for the reason stated.

The third instruction undertook to tell the jury that it became the duty of plaintiff in traveling from her friend's house to her brother's, it being very dark, "to travel over known and safe streets and crossings, if she was acquainted with said street, and not to travel over unknown, untraveled and unsafe streets and passways to her point of destination," and that if plaintiff in going from her friend's house to that of her brother disregarded her duty in this behalf, "and voluntarily undertook to go to her brother's house by a farther and unknown route, and one beset with difficulties and danger, and that she was injured thereby, then and in that event, the plaintiff cannot recover and your verdict should be for the defendant." The error in this instruction is that it omits any reference whatever to the fact of plaintiff's knowledge of any danger in the route which she took. That reason alone was sufficient to warrant and even to require the trial court to refuse the instruction.

It is urged that the verdict is so excessive as to indicate passion on the part of the jury. The verdict is for $1595. Considering the injuries plaintiff sustained, as testified to by her without contradiction, as well as by the undisputed testimony of the attending surgeon, injuries liable to be permanent in their results and to render plaintiff a cripple for life, we see no evidence of passion or prejudice on the part of the jury in awarding plaintiff damages in this amount.

The judgment of the circuit court is affirmed. *Nortoni* and *Caulfield, JJ.,* concur.